1  Michael G. Long, Esq. (Bar No. 129771)
   David R. Johnson, Esq. (Bar No. 174883)
2  Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
   2040 Main Street, Suite 300
3  Irvine, California 92614
   (949) 852-6700 telephone
4  (949) 261-0771 facsimile

5  Attorneys for Plaintiffs

6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                              OAKLAND DIVISION

11  UNITED STATES FIDELITY AND GUARANTY  )  CASE NO. C 03 5376-SBA
    COMPANY, et al.,                     )  AND ORDER
12                                       )  STIPULATION RE: ISSUANCE OF
            Plaintiffs,                  )  TEMPORARY RESTRAINING
13                                       )  ORDER; ORDER THEREON
        v.                               )
14                                       )  [Before Magistrate Judge Chen Per
    THE SCOTT COMPANIES, INC., et al.    )  Terms Of Settlement Agreement]
15                                       )
            Defendants                   )
16  _____)

17

18         Plaintiffs United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance

19  Company, St. Paul Fire and Marine Insurance Company and St. Paul Medical Liability Insurance

20  Company (collectively, "St. Paul") and Defendants Robert T. Nurisso ("Nurisso") and Joseph A.

21  Guglielmo ("Guglielmo"), by and through their counsel of record herein, hereby stipulate and agree as

22  follows:

23  **WHEREAS,**

24      A.      On September 12, 2006, St. Paul filed a Motion for the Issuance of Temporary Restraining

25  Order in Connection with St. Paul's Motion for a Judgment Against Robert Nurisso and Joseph

26  Guglielmo ("Motion"). By the Motion, St. Paul seeks the issuance of a Temporary Restraining Order

27  ("TRO") against Nurisso and Guglielmo, and their respective officers, agents, servants, employees and

28  attorneys and all those in active concert or participation with them, restraining them from transferring or

1   otherwise encumbering certain assets in which they have an ownership interest.

2         B.     More specifically, St. Paul seeks a TRO:

3             (1) Against Nurisso for the asset identified by him on his sworn financial statement dated March 21, 2005 as "Wild Horse LP," including its component assets which include 15700 S. McKinley Avenue, LLC, Able Calvine Self Storage, LLC ("Able Calvine"), and Able Taylor Self Storage, LLC, and two promissory notes made by Roseville Fuel Plaza, LLC to Able Calvine Self Storage, LLC and to Crown Point Apartments in which Nurisso claims an interest, including his community property interest therein as well as any proceeds of such assets (collectively, "Nurisso's Assets"); and

          (2) Against Guglielmo for the asset identified on his sworn financial statement dated March 21, 2005 as "Guggs Investments, LP," including its component assets, which include 15700 S. McKinley Avenue, LLC, Hayes-Cole, LP, Westwood Property, LP and two certain promissory notes by Robert Nurisso, including his community property interest therein as well as any proceeds of such assets (collectively, "Guglielmo's Assets").

      C.     Nurisso has represented that the sale of Able-Calvine is presently pending, and that the issuance of the TRO will cause the sale to not proceed.

**WHEREFORE**, in order to facilitate the sale of Able Calvine and to protect St. Paul's position with respect to Nurisso's Assets and Guglielmo's Assets, St. Paul, Nurisso and Guglielmo hereby stipulate and agree that:

      1.     A TRO shall immediately issue restraining Nurisso, and his officers, agents, servants, employees and attorneys and all those in active concert or participation with him, from transferring or otherwise encumbering Nurisso's Assets until the further hearing by the Court on the issuance of a Preliminary Injunction based upon St. Paul's Motion, except for Able Calvine, which shall be treated as follows: (1) Able-Calvine shall not be subject to the TRO in order to facilitate the sale of the asset to a third party; and (2) Nurisso's portion of the proceeds of the sale of Able Calvine, which is 50%, shall be placed in an account of a bank to be mutually agreed upon by St. Paul and Nurisso and, immediately upon the close of the sale, shall be subject to the TRO.

      2.     A TRO shall immediately issue restraining Guglielmo, and his officers, agents, servants, employees and attorneys and all those in active concert or participation with him, from transferring or

1 | otherwise encumbering Guglielmo's Assets until the further hearing by the Court on the issuance of a
2 | Preliminary Injunction based upon St. Paul's Motion.

3. The hearing on the issuance of a Preliminary Injunction shall be set for November 6, 2006, or as soon thereafter as the Court's calendar permits. Nurisso's and Guglielmo's written oppositions to the issuance of a Preliminary Injunction shall be filed and served two (2) weeks before the date of the hearing. St. Paul's reply/replies to Nurisso's and Guglielmo's oppositions shall be filed and served one (1) week before the date of the hearing.

IT IS SO STIPULATED.

Dated: September 21, 2006

Michael G. Long, Esq.
David R. Johnson, Esq.
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
2040 Main Street, Suite 300
Irvine, California 92614
Tel:(949) 852-6700; Fax (949) 261-0771
Attorneys for Plaintiffs

Dated: September __, 2006

Richard W. Miller, Esq.
Scott H. Murphy, Esq.
Miller Law Firm
4310 Madison Avenue
Kansas City, Missouri 64111
Tel:(816) 531-0755; Fax (800) 982-3150
Attorneys for Defendants

## ORDER

Based upon the foregoing stipulation, and good cause therefore, the Court orders as follows:

1. That a temporary restraining order immediately issue restraining and enjoining Robert Nurisso, and his officers, agents, servants, employees and attorneys and all those in active concert or participation with him, from transferring or encumbering in full or in part the asset identified as "Wild Horse LP," including its component assets which include 15700 S. McKinley Avenue, LLC and Able Taylor Self Storage, LLC, including his community property interest therein as well as any proceeds of such assets. The temporary restraining order shall further restrain and enjoin Robert Nurisso, and his officers, agents, servants, employees and attorneys and all those in active concert or participation with

1  otherwise encumbering Guglielmo's Assets until the further hearing by the Court on the issuance of a
2  Preliminary Injunction based upon St. Paul's Motion.
3      3.    The hearing on the issuance of a Preliminary Injunction shall be set for November 6, 2006,
4  or as soon thereafter as the Court's calendar permits. Nurisso's and Guglielmo's written oppositions to
5  the issuance of a Preliminary Injunction shall be filed and served two (2) weeks before the date of the
6  hearing. St. Paul's reply/replies to Nurisso's and Guglielmo's oppositions shall be filed and served one
7  (1) week before the date of the hearing.
8  IT IS SO STIPULATED.

10 Dated: September __, 2006

    Michael G. Long, Esq.
    David R. Johnson, Esq.
    Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
    2040 Main Street, Suite 300
    Irvine, California 92614
    Tel:(949) 852-6700; Fax (949) 261-0771
    Attorneys for Plaintiffs

15 Dated: September 21, 2006

    Richard W. Miller, Esq.
    Scott H. Murphy, Esq.
    Miller Law Firm
    4310 Madison Avenue
    Kansas City, Missouri 64111
    Tel:(816) 531-0755; Fax (800) 982-3150
    Attorneys for Defendants

## ORDER

21  Based upon the foregoing stipulation, and good cause therefore, the Court orders as follows:
22      1.    That a temporary restraining order immediately issue restraining and enjoining Robert
23  Nurisso, and his officers, agents, servants, employees and attorneys and all those in active concert or
24  participation with him, from transferring or encumbering in full or in part the asset identified as "Wild
25  Horse LP," including its component assets which include 15700 S. McKinley Avenue, LLC and Able
26  Taylor Self Storage, LLC, including his community property interest therein as well as any proceeds of
27  such assets. The temporary restraining order shall further restrain and enjoin Robert Nurisso, and his
28  officers, agents, servants, employees and attorneys and all those in active concert or participation with

3

1  him, from transferring or encumbering in full or in part the certain promissory note dated July 1, 2001 in the amount of $776,086 payable by Roseville Fuel Plaza, LLC to Crown Point Apartments and the certain promissory note in the amount of $439,528 payable by Roseville Fuel Plaza, LLC to Able Calvine Storage, LLC, including his community property interest therein as well as any proceeds of such assets. The temporary restraining order shall remain in place until the further hearing by the Court on the issuance of a Preliminary Injunction based upon St. Paul's Motion for the Issuance of Temporary Restraining Order in Connection with St. Paul's Motion for a Judgment Against Robert Nurisso and Joseph Guglielmo ("Motion").

2.  That Robert Nurisso be permitted to proceed with the sale of his interest in Able Calvine Self Storage, LLC ("Able Calvine"), but Robert Nurisso's portion of the proceeds, including his community property interest therein, which is understood to be 50%, be immediately placed into an account of a bank that is mutually agreeable to Robert Nurisso and St. Paul to be held in trust and immediately subject to the temporary restraining order pending the further order of the Court.

3.  A TRO shall immediately issue restraining and enjoining Joseph Guglielmo, and his officers, agents, servants, employees and attorneys and all those in active concert or participation with him, from transferring or otherwise encumbering in full or in part the asset identified as "Guggs Investments, LP," including its component assets, which include 15700 S. McKinley Avenue, LLC, Hayes-Cole, LP, Westwood Property, LP and two certain promissory notes by Robert Nurisso, and any proceeds therefrom, until the further hearing by the Court on the issuance of a Preliminary Injunction based upon St. Paul's Motion.

4.  A hearing on the issuance of a Preliminary Injunction based upon the facts and circumstances set forth in St. Paul's Motion shall be set for _NOVEMBER 8_ at _3:00_ a.m/p.m. before Magistrate Judge Chen. The following briefing schedule shall apply to the hearing: Robert Nurisso's and Joseph Guglielmo's written oppositions to the issuance of a Preliminary Injunction shall be filed and served on _OCTOBER 23, 2006,_ BY 9:00 A.M. St. Paul's reply/replies to Robert Nurisso's and Joseph Guglielmo's oppositions shall be filed and served on _OCTOBER 30, 2006, BY 9:00 A.M._

IT IS SO ORDERED.

Dated: September 22, 2006

_____
MAGISTRATE JUDGE EDWARD M. CHEN

\* COURTESY COPIES SHALL BE DELIVERED DIRECTLY TO CHAMBERS BY NOON THE DAY THE BRIEF IS DUE.