**United States District Court**
For the Northern District of California

1

2

3

4

5                              UNITED STATES DISTRICT COURT

6                              NORTHERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES FIDELITY AND                    No. C-03-5376 SBA (EMC)
     GUARANTY COMPANY, *et al.*,
9
               Plaintiffs,
10                                                 **ORDER GRANTING IN PART AND**
                                                   **DENYING IN PART PLAINTIFFS'**
          v.                                       **MOTION FOR ISSUANCE OF**
11                                                 **CHARGING ORDERS AND**
     THE SCOTT COMPANIES, INC., *et al.*,          **APPOINTMENT OF RECEIVER**
12
               Defendants.                         **(Docket No. 350)**
13

14   _____/

15

16        Having considered the parties' briefs and accompanying submissions, as well as the oral

17   argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiffs' motion for

18   issuance of charging orders and appointment of receiver.

19                              **I.    DISCUSSION**

20   A.    <u>Issuance of Charging Orders</u>

21        Plaintiffs ask the Court to issue an order charging the partnership or membership interests

22   held by Mr. Guglielmo and Mr. Nurisso with the amount of the judgment.  In their opposition, Mr.

23   Guglielmo and Mr. Nurisso do not really dispute that a charging order is an appropriate remedy.  In

24   addition, at the hearing on Plaintiffs' motion, both Mr. Guglielmo and Mr. Nurisso confirmed that

25   there was no opposition to the request for a charging order.

26        The Court agrees with the parties that a charging order is an appropriate remedy, at least with

27   respect to assets held by Mr. Guglielmo and Mr. Nurisso that constitute partnership or membership

28   interests.  California Code of Civil Procedure § 708.310 provides that, "[i]f a money judgment is

**United States District Court**
For the Northern District of California

1 rendered against a partner or member but not against the partnership or limited liability company,

2 the judgment debtor's interest in the partnership or limited liability company may be applied toward

3 the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to

4 Section 15673 [part of the California Revised Limited Partnership Act (RLPA)], 16504 [part of the

5 Revised Uniform Partnership Act (RUPA), or 17302 [applicable to limited liability companies] of

6 the Corporations Code."  Cal. Code Civ. Proc. § 708.310.  In the instant case, the following assets

7 held by Mr. Guglielmo and/or Mr. Nurisso constitute partnership or membership interests.

8 (1)    Guggs.

9 (2)    Wild Horse.

10 (3)    McKinley.

11 (4)    Able Taylor.

12 (5)    Westwood Property.[1]

13      The Court shall *not* issue a charging order with respect to the following as they are not or no

14 longer partnership or membership interests of Mr. Guglielmo or Mr. Nurisso.

15 (1)    Hayes Cole.  Although Hayes Cole is a limited partnership, Mr. Guglielmo sold his interest

16        in the summer of 2005 and received cash as a result.

17 (2)    The two promissory notes owed by Mr. Nurisso to Mr. Guglielmo.

18 (3)    Able Calvine.  Although Able Calvine is a limited liability company, Mr. Nurisso sold his

19        interest in 2007.

20 (4)    Roseville Fuel promissory notes owed to Mr. Nurisso.

21 B.    <u>Appointment of Receiver</u>

22      Plaintiffs also ask that the Court appoint a receiver.  This is the issue contested by

23 Defendants.

24

25

26      [1] Because the Court previously found that there were fraudulent transfers by Mr. Guglielmo and

27 Mr. Nurisso in setting up Guggs and Wild Horse, respectively, the Court deems it appropriate to include charging orders against the specific partnership or membership interests held by Guggs and Wild Horse.

28 In short, the Court voids the transfers that were made by Mr. Guglielmo and Mr. Nurisso to Guggs and Wild Horse, respectively.

**United States District Court**
For the Northern District of California

1    As a preliminary matter, the Court notes that it is not clear from the parties' briefs whether

2    they believe that federal or state law on receiverships should apply -- although, in the end, it does

3    not matter because federal and state law do not substantially or materially differ in one important

4    respect.  Under federal law, a receivership is an equitable remedy, *see View Crest Garden*

5    *Apartments, Inc. v. United States*, 281 F.2d 844, 849 (9th Cir. 1960), and "[a] receiver will be

6    appointed only in those situations when the circumstances are extreme and the property interests of

7    the parties are clearly at risk."  More's § 66.04[2][a].  Similarly, under state law, a receivership is

8    considered an equitable remedy and so "the equitable considerations governing injunction

9    proceedings apply -- *i.e.*, there must be a showing of *irreparable injury* and inadequacy of other

10   *legal or equitable remedies*."  Rutter Group, Cal. Prac. Guide Enf. J. & Debt ¶ 4:891 (emphasis in

11   original).

12   Given this high standard, the Court concludes that Plaintiffs have failed to show that a

13   receivership is necessary in the instant case.[2]  Although the Court did previously find that there were

14   fraudulent transfers by Mr. Guglielmo and Mr. Nurisso, it determined that there was constructive

15   fraud only; and, in so finding, the Court did not conclude that Defendants had actually concealed

16   their assets but rather had only undervalued them.  Moreover, since the judgment was entered

17   against Defendants, Plaintiffs have not shown that Defendants have engaged in any further fraud,

18   constructive or otherwise.  It is also notable that the value of the partnerships and members at issue

19   (*e.g.*, McKinley) -- and even Defendants' interests in those entities -- exceeds the value of the

20   judgment against Defendants.

21   That being said, the Court acknowledges Plaintiffs' concern that the partnerships and

22   memberships will have no incentive to make distributions because of the outstanding judgment

23   against Defendants.  To address this concern, Defendants should produce to Plaintiffs the K-1s for

24   the partnerships and memberships at issue (*e.g.*, McKinley, Able Taylor, Westwood Property) for

25   the years 2005-2007.  In addition, the Court orders the parties to meet and confer to work out an

26

27   [2] It appears that Plaintiffs want a receivership over all of Mr. Guglielmo and Mr. Nurisso's
28   interests, *i.e.*, not just the partnership and membership interests.  Their request for a receivership,
     however, seems most acute with respect to the partnership and membership interests.

1    auditing system for the 2008 period and on (until judgment is satisfied).  If the parties are unable to

2    work out an auditing system, then they should report back to the Court no later than April 15, 2008.

3                                      **II.    CONCLUSION**

4          For the foregoing reasons, Plaintiffs' motion is granted in part and denied in part.  The Court

5    hereby orders that:

6    (1)    The interest of Mr. Guglielmo in the limited partnership known as Guggs Investments, LP

7           ("Guggs"), whose address is 1500 Pleasant Hill Road, Lafayette, California 94549, is hereby

8           charged with the unpaid balance of the judgment entered in favor of Plaintiffs and against

9           Mr. Guglielmo on June 1, 2007, and the fee award on September 18, 2007, plus interest

10          thereon (from, respectively, June 1, 2007, and September 18, 2007).[3]

11   (2)    Guggs and all partners thereof shall pay any money or property due or to become due to Mr.

12          Guglielmo directly to Plaintiffs until the amount remaining due on the judgment and fee

13          award, plus all accrued interest thereon, is paid in full.

14   (3)    The interest of Mr. Nurisso in the limited partnership known as Wild Horse, LP ("Wild

15          Horse"), whose address is 847 Durlston Road, Redwood City, California 94062, is hereby

16          charged with the unpaid balance of the judgment entered in favor of Plaintiffs and against

17          Mr. Nurisso on June 1, 2007, and the fee award on September 18, 2007, plus interest thereon

18          (from, respectively, June 1, 2007, and September 18, 2007).

19   (4)    Wild Horse and all partners thereof shall pay any money or property due or to become due to

20          Mr. Nurisso directly to Plaintiffs until the amount remaining due on the judgment and fee

21          award, plus all accrued interest thereon, is paid in full.

22   (5)    The interest of Mr. Guglielmo in the limited liability company known as 15700 S. McKinley

23          Avenue, LLC ("McKinley"), whose address is 847 Durlston Road, Redwood City, California

24          94062, is hereby charged with the unpaid balance of the judgment entered in favor of

25

26   _____

27          [3] Plaintiffs appear to seek only post-judgment interest, and that rate is determined by federal law.
     *See Onink v. Cardelucci (In re Cardelucci)*, 285 F.3d 1231, 1235 (9th Cir. 2002) ("In diversity actions
28   brought in federal court a prevailing plaintiff is entitled to pre-judgment interest at state law rates while
     post-judgment interest is determined by federal law.").

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

Plaintiffs and against Mr. Guglielmo on June 1, 2007, and the fee award on September 18, 2007, plus interest thereon (from, respectively, June 1, 2007, and September 18, 2007).

(6)   McKinley and all members thereof shall pay any money or property due or to become due to Mr. Guglielmo directly to Plaintiffs until the amount remaining due on the judgment and fee award, plus all accrued interest thereon, is paid in full.

(7)   The interest of Mr. Nurisso in the limited liability company known as 15700 S. McKinley Avenue, LLC ("McKinley"), whose address is 847 Durlston Road, Redwood City, California 94062, is hereby charged with the unpaid balance of the judgment entered in favor of Plaintiffs and against Mr. Nurisso on June 1, 2007, and the fee award on September 18, 2007, plus interest thereon (from, respectively, June 1, 2007, and September 18, 2007).

(8)   McKinley and all members thereof shall pay any money or property due or to become due to Mr. Nurisso directly to Plaintiffs until the amount remaining due on the judgment and fee award, plus all accrued interest thereon, is paid in full.

(9)   The interest of Mr. Nurisso in the limited liability company known as Able Taylor Self-Storage, LLC ("Able Taylor"), whose address is 4700 Miners Cove Circle, Loomis, California 95650, is hereby charged with the unpaid balance of the judgment entered in favor of Plaintiffs and against Mr. Nurisso on June 1, 2007, and the fee award on September 18, 2007, plus interest thereon (from, respectively, June 1, 2007, and September 18, 2007).

(10)  Able Taylor and all members thereof shall pay any money or property due or to become due to Mr. Nurisso directly to Plaintiffs until the amount remaining due on the judgment and fee award, plus all accrued interest thereon, is paid in full.

(11)  The interest of Mr. Guglielmo in the limited partnership known as Westwood Property, LP ("Westwood"), whose address is 200 South Santa Cruz Avenue, Suite 103, Los Gatos, California 95030, is hereby charged with the unpaid balance of the judgment entered in favor of Plaintiffs and against Mr. Guglielmo on June 1, 2007, and the fee award on September 18, 2007, plus interest thereon (from, respectively, June 1, 2007, and September 18, 2007).

(12)    Westwood and all partners thereof shall pay any money or property due or to become due to Mr. Guglielmo directly to Plaintiffs until the amount remaining due on the judgment and fee award, plus all accrued interest thereon, is paid in full.

IT IS SO ORDERED.

Dated:  March 17, 2008

EDWARD M. CHEN
United States Magistrate Judge

**United States District Court**
For the Northern District of California

6